**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| TODD S. ELWERT, DC, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | Civil Action No.: 5:15-cv-2223 |
| | ) | Judge: |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| ALLIANCE HEALTHCARE SERVICES, INC. and JOHN DOES 1-10, | ) ) ) | |
| | ) | |
| Defendants. | | |

Plaintiff Todd S. Elwert, DC, Inc. ("Elwert DC" or "Plaintiff") brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Elwert DC or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Alliance HealthCare Services, Inc. ("Alliance HealthCare") and John Does 1-10:

**PRELIMINARY STATEMENT**

1.      This case involves Alliance HealthCare Services' practice of sending unsolicited advertisements via facsimile.

2.      The Telephone Consumer Protection Act ("TCPA"), which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, is codified at 47 U.S.C. § 227.  Under the JFPA, it is unlawful to send an unsolicited advertisement to someone's fax machine.  The JFPA allows private rights of action and provides statutory damages of $500.00 per violation.

3.      Alliance HealthCare sent an unsolicited advertisement to Elwert DC on the following date: September 14, 2015 ("the Fax Ad").  A copy of the Fax Ad is attached hereto as

Exhibit A.   The Fax Ad promotes the commercial availability and/or quality of Alliance HealthCare's services.

4.      The receipt of an unsolicited advertisement via facsimile (or "junk fax") causes damage to the recipient. A junk fax uses the office supplies of the recipient such as paper, toner, and the fax machine itself.  A junk fax also ties up the phone line and the fax machine of the recipient, thereby precluding their use for legitimate, authorized facsimiles and other business. Finally, a junk fax wastes the recipient's time in reviewing and discarding unwanted solicitations.

5.      Based on information, belief, and the appearance of the Fax Ad itself, Alliance HealthCare also sent the Fax Ad to numerous other persons via their respective fax machines. Alliance HealthCare will likely continue to send such advertisements via facsimile absent an injunction or other action prohibiting such conduct.

6.      On behalf of itself and all others similarly situated, Elwert DC brings this case as a class action asserting claims against Alliance HealthCare under the JFPA.

7.      The claims of Elwert DC and the other recipients of the Fax Ad are all based on the same legal theory; *i.e.,* violations of the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Alliance HealthCare, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; (ii) statutory damages in the amount of $500 for each violation of the JFPA, and (iii) treble damages as provided by § 227(b)(3) of the JFPA.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

9.     This Court has personal jurisdiction over Alliance HealthCare because Alliance HealthCare transacted business within this judicial district, made contracts within this judicial district, and/or committed tortious acts within this judicial district.

10.    This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

11.    Elwert DC is an Ohio corporation, and it operates chiropractic clinics located in Cincinnati and Oxford, Ohio.

12.    On information and belief, Alliance HealthCare Services, Inc. is a Delaware corporation, and its principal place of business is located at 100 Bayview Circle, Suite 400 in Newport Beach, California.  Alliance HealthCare operates a medical imaging facility in Belden Village, Ohio under the registered trade name "Alliance Imaging of Belden Village."

13.    John Does 1-10 will be identified through discovery but are not presently known.

## FACTS

14.    Alliance HealthCare sent material to Elwert DC via its office facsimile machine that promoted the commercial availability or quality of Alliance HealthCare's services on September 14, 2015.

15.    Elwert DC had no business relationship with Alliance HealthCare prior to Alliance HealthCare's sending of the Fax Ad.

16.    Alliance HealthCare did not seek or obtain permission from Elwert DC to send ads to Elwert DC's facsimile machine prior to doing so.

17.     Based on information, belief, and the appearance of the Fax Ad itself, Alliance HealthCare also sent the Fax Ad to more than forty other persons via facsimile.

## CLASS ACTION ALLEGATIONS

18.     In accordance with Fed. R. Civ. Pro 23, Elwert DC brings this action on behalf of the following persons:

> All persons who (1) on or after four years prior to the filing of this action (2) were sent material advertising the commercial availability or quality of any property, goods, or services (3) by or on behalf of Alliance HealthCare (4) via facsimile (5) that did not display a proper opt-out notice.

This class of persons constitutes the putative class members.  Elwert DC may amend the class definition after discovery identifies the class members and/or the contours of the class.

19.     Numerosity: Based on information, belief, and the appearance of the Fax Ad itself, the number of putative class members exceeds forty.  Fax Ads are typically sent to hundreds if not thousands of persons.  The joinder of such a large group of persons in a single lawsuit would be impracticable.

20.     Commonality:  Common questions of law and fact apply to the claims of the putative class members.  These include the following:

> (a)     Whether the Fax Ad constitutes an "unsolicited advertisement" within the meaning of the JFPA;
>
> (b)     How Alliance HealthCare compiled or obtained the list of fax numbers to which the Fax Ad was sent;
>
> (c)     Whether Alliance HealthCare attempted to obtain "express invitation or permission" within the meaning of the JFPA from the intended targets prior to sending them the Fax Ad;
>
> (d)     Whether Alliance HealthCare violated the JFPA and the regulations promulgated thereunder with regard to the Fax Ad; and

      (e)      Whether Alliance HealthCare sent the Fax Ad intentionally, knowingly, or willfully.

21.    <u>Typicality:</u>  Elwert DC's claims are typical of the claims of the putative class members.  Elwert DC is asserting the same claim under the same federal statute as the other members of the putative class.  Elwert DC is also seeking the same relief for itself and the other members of the putative class.

22.    <u>Adequacy:</u>  Elwert DC will fairly and adequately represent the interests of the putative class members.  Elwert DC has no interests in conflict with the putative class members, has the experience and inclination to prosecute this action, and has retained experienced counsel to assist it in doing so.

23.    <u>Predominance:</u>  The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

      (a)      Elwert DC's claim depends on the same factual and legal issues as that of the putative class members;

      (b)      the evidence supporting Alliance HealthCare's likely defenses will come solely from Alliance HealthCare's own records and will not require any information or inquiries from individual class members;

      (c)      the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

      (d)      the identity of the putative class members can be readily ascertained from Alliance HealthCare or its agents' computer records, phone records, or other business records.

24.    <u>Superiority:</u>  A class action would be superior to individual actions by the putative class members for the following reasons:

      (a)      the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

(b)     the JFPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant*;*

(c)     many of the intended recipients are legal entities that would not be permitted to proceed in court *pro se*; and

(d)     the evidence concerning each of the class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

## CLAIM FOR RELIEF – VIOLATIONS OF THE JFPA

25.     The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. 227(b)(1).

26.     The JFPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

27.     Alliance HealthCare sent the Fax Ad to the facsimile machines of Elwert DC and numerous other persons.

28.     The Fax Ad promotes the commercial availability and/or quality of the services of Alliance HealthCare.

29.     Based on information and belief, Alliance HealthCare, during the four years preceding the filing of this Complaint, sent other unsolicited advertisements to persons via facsimile in violation of the JFPA. Based on information and belief, Alliance HealthCare is continuing to send unsolicited advertisements to persons via facsimile in violation of the JFPA and, absent intervention by this Court, will continue to do so.

30.     Alliance HealthCare's conduct has caused Elwert DC and the putative class members to suffer actual and statutory damages under the JFPA.

WHEREFORE, Plaintiff Todd S. Elwert, DC Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant Alliance HealthCare, Inc. and John Does 1-10 as follows:

(1).    that the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Elwert DC as the representative of the class, and appoint Elwert DC's counsel as counsel for the class;

(2).    that the Court award statutory damages for each violation by Alliance HealthCare;

(3).    that the Court enjoin Alliance HealthCare from additional violations of the JFPA; and

(4).    that the Court award pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

Respectfully submitted,

TODD S. ELWERT, DC. INC., individually and as the representative of a class of similarly-situated persons,

*/s/ MATTHEW E. STUBBS*
GEORGE D. JONSON (0027124)
MATTHEW E. STUBBS (0066722)
MONTGOMERY, RENNIE & JONSON
36 E. Seventh Street, Suite 2100
Cincinnati, Ohio  45202
(513) 241-4722
(513) 241-8775 (fax)
Email:  gjonson@mrjlaw.com
            mstubbs@mrjlaw.com

*Counsel for Plaintiff Todd S. Elwert DC, Inc.*